IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| ELLIOT FERRELL,　　　　　　　　　Plaintiff,　v.　LABORERS' LOCAL No. 1149,　　　　　　　　　Defendant. | Civil Action No. 5:16-CV-55 (Stamp)　Electronically filed: 04/19/2016　COMPLAINT　JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Elliot Ferrell ("Ferrell"), by the undersigned attorneys, makes the following averments:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq*. ("USERRA").

## **JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper under 38 U.S.C. § 4323(c)(2) and 28 U.S.C. § 1391(b) because Defendant Laborers' Local No. 1149 ("Union") maintains a place of business in this judicial district, and a substantial part of the events giving rise to this action occurred in this judicial district.

**PARTIES**

4.     Ferrell resides in Triadelphia, West Virginia, within the jurisdiction of this Court, and is member of the U.S. Army National Guard.

5.     The Union has its principal place of business in Wheeling, West Virginia, within the jurisdiction of this Court, and is an "employer" under USERRA, 38 U.S.C. § 4303 (4)(A) and the U.S. Department of Labor's interpretative regulations, 20 C.F.R. §§ 1002.37 and 1002.38, because the Union's hiring hall was delegated responsibility for assigning Ferrell and other apprentice laborers to gainful employment with companies.

**CLAIM FOR RELIEF**

6.     In September 2013, Ferrell enrolled in the Union's apprenticeship program which provided apprentice laborers on-the-job training and employment by assigning them to jobs with companies.

7.     In its apprenticeship program, the Union provided Ferrell with regular gainful employment through its "hiring hall."  Under its hiring-hall arrangement, apprentices like Ferrell signed an "out-of-work" list and the Union would then send persons from that list on job assignments with employers.  After a job assignment ended, the apprentices would put their names on the list again and then await assignment to another job in a regular repeating process.

8.     From his initial enrollment in the Union's apprenticeship program in September 2013 until his departure for military duty in August 2014, Ferrell was regularly and gainfully employed through the program, working for three different companies in succession.

9.     In March 2014, Ferrell enlisted in the U.S. Army National Guard for a term of six years. He subsequently received orders from the Guard to participate in basic military training from August 12, 2014, to November 26, 2014.

10.     In June or July 2014, Ferrell met with the Union's business manager Tom Gray ("Gray") and gave the Union advance notice that he would be absent from the apprenticeship program, and from any job to which he was then assigned, due to his upcoming military training.  In the meeting, Gray told Ferrell that, during his military absence, his obligation to pay Union dues would be suspended, and that, upon his return to work, he would be placed at the top of the Union's out-of-work list so he would be the first apprentice to receive job assignments.  Days after their meeting, Ferrell provided Gray a copy of his orders relating to the military training.

11.     On October 6, 2014, while Ferrell was absent on military duty, his aunt received a notice from the Union stating Ferrell had been terminated from the Union for nonpayment of dues, effective October 2, 2014.  At the time, Ferrell owed just one month's dues of $34.00, which were payable by September 30, 2014.

12.     On October 8, 2014, his aunt responded to the notice of termination by mailing the Union a check for $34.00 in full payment of the dues owed by Ferrell.  However, by its memorandum to Ferrell, dated October 13, 2014, the Union refused the check, returning it to Ferrell, and did not rescind Ferrell's termination from the Union.

13.     On or about November 26, 2014, Ferrell was honorably released by the U.S. Army National Guard from his military service obligations, i.e., basic training.

14.     After his release from military service, on December 1, 2014, Ferrell timely returned to work with the Union.  On that date, Ferrell personally met with Gray and requested to be re-employed by the Union, asking Gray for permission to sign the Union's out-of-work list in order to be eligible for available job assignments.

15. At the December 1, 2014 meeting, Gray refused Ferrell's request for reemployment and told Ferrell that, on October 2, 2014, the Union had terminated him for nonpayment of Union dues.

16. In that same December 1, 2014 meeting, Ferrell explained to Gray that the Union had a legal duty to reemploy him following his military absence. Gray, however, was dismissive of Ferrell's explanation and displayed deliberate indifference to Ferrell's statutory right to reemployment. When Ferrell offered to pay the dues that he owed in order to be reinstated, Gray refused his offer and would not rescind the termination.

17. On December 15, 2014, Ferrell filed a USERRA complaint against the Union with the United States Department of Labor, alleging the Union's failure to reinstate him as a Union apprentice member following his military service violated his reemployment rights under the statute. After investigating his complaint, the Labor Department determined the evidence supported Ferrell's claim and that Ferrell was entitled to reinstatement in the Union and to lost income caused by its failure to reinstate Ferrell. The Labor Department then referred this matter to the U.S. Department of Justice for consideration of legal action.

18. The Union violated Section 4312 of USERRA, 38 U.S.C. § 4312, by failing to reemploy Ferrell in the position he would have had but for his military service or a position of like seniority, status, or pay.

19. The Union's violation of USERRA was willful.

20. Ferrell has suffered a substantial loss of earnings and other benefits of employment as a result of the Union's violation of USERRA.

## **PRAYER FOR RELIEF**

WHEREFORE, Ferrell prays that the Court enter judgment against the Union and, further, that the Court:

21.     Declare that the Union violated USERRA by failing to reemploy Ferrell in the position he would have had but for his military service or a position of like seniority, status, or pay;

22.     Order the Union to pay Ferrell for lost income and benefits suffered by reason of the Union's violations of USERRA;

23.     Declare that the Union's violation of USERRA was willful;

24.     Order that the Union pay Ferrell as liquidated damages an amount equal to the amount of his lost income and benefits suffered by reason of the Union's willful violations of USERRA;

25.     Award prejudgment interest on the amount of lost income and benefits found due;

26.     Enjoin the Union from taking any action with respect to Ferrell that fails to comply with the provisions of USERRA; and

27.     Grant such other and further relief as may be just and proper together with the costs and disbursements of this lawsuit.

**JURY DEMAND**

      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

                            Respectfully submitted,

DATE: April 18, 2016.

                            WILLIAM J. IHLENFELD, II
                            U.S. Attorney
                            Northern District of West Virginia

By:    /s/ Helen Campbell Altmeyer
        HELEN CAMPBELL ALTMEYER (W.Va. Bar No. 117)
        Assistant U.S. Attorney
        Chief, Civil Division
        Office of the U.S. Attorney
        Suite 3000
        1125 Chapline Street
        Wheeling, WV 26003
        Telephone: (304) 234-0100
        Facsimile: (304) 234-0112
        Email: Helen.Altmeyer@usdoj.gov

        VANITA GUPTA
        Principal Deputy Assistant Attorney General
        Civil Rights Division

        DELORA KENNEBREW
        Chief

        ANDREW BRANIFF
        Special Litigation Counsel

        LOUIS WHITSETT
        Senior Trial Attorney
        Employment Litigation Section
        Civil Rights Division
        United States Department of Justice
        950 Pennsylvania Avenue, NW
        Washington, DC 20530
        Telephone:  (202) 305-0942
        Facsimile:  (202) 514-1005
        Email:  Louis.Whitsett@usdoj.gov